UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER W. WALLACE, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-1404 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented petitioner Walter W. Wallace, Jr.'s "Memorandum of Law in Support of Motion for Appointment of Counsel for 28 U.S.C. § 2255 Habeas Corpus." ECF No. 1. The Court will construe this filing as a habeas corpus petition brought pursuant to 28 U.S.C. § 2241, and request for appointment of counsel. As discussed below, petitioner challenges not the validity of his sentence but the execution of his sentence, and therefore his claims are more appropriately interpreted as ones brought under 28 U.S.C. § 2241. After careful review of the instant filing, the Court will dismiss this action.

**Background**

On October 3, 2016, petitioner pled guilty to possessing, brandishing, and discharging a firearm in furtherance of a drug trafficking crime resulting in death in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924 (j)(1). *United States v. Wallace*, No. 4:15-CR-324-HEA (E.D. Mo. Oct. 3, 2016), at ECF No. 124.

On January 5, 2017, this Court sentenced petitioner to three hundred (300) months in the Federal Bureau of Prisons ("BOP"), followed by a five (5) year term of supervised release, to "run concurrent to Docket No. 4:11CR00186-1 RWS from the United States District Court for the

Eastern District of Missouri and Docket No. 3:11CR30118-1 WDS from the Southern District of Illinois." *Id.* at ECF No. 145. Petitioner did not appeal, and he is presently serving his sentence at Butner Low Federal Correctional Institution ("FCI") in Butner, North Carolina with a projected release date of January 27, 2036. *See* Inmate Locator, FED. BUREAU OF PRISONS, www.bop.gov/inmateloc (last visited Dec. 9, 2021).

On June 11, 2020 and August 21, 2020, petitioner filed two separate motions for compassionate release. *Wallace*, No. 4:15-CR-324-HEA, at ECF No. 173, 186. On April 21, 2021, this Court denied both motions. *Id.* at ECF No. 216. Petitioner appealed, and the Eighth Circuit affirmed. *See U.S. v. Wallace*, No. 21-2059 (8th Cir. June 23, 2021). Petitioner has not filed any additional post-conviction motions, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

On November 29, 2021, petitioner filed the instant "Memorandum of Law in Support of Motion for Appointment of Counsel for 28 U.S.C. § 2255 Habeas Corpus." ECF No. 1. Within this filing, petitioner appears to seek counsel for the purpose of contesting the BOP's calculation of his release date. Petitioner asserts the BOP "has petitioner serving 28 years, 11 months and 12 days. Instead of 21 years, 2 months, and 5 days." ECF No. 1 at 3. Petitioner argues the BOP incorrectly determined his "committed date is April 13, 2017, for *U.S. Wallace, Jr.*, Case No. 4:15-CR-00324-1 HEA, rather than May 3, 2011." *Id.*

Attached to petitioner's filing is a copy of his "Attempt at Information Resolution (Request for Administrative Remedy" form, in which he complained of the BOP's alleged failure "to credit [him] in Criminal Case No. 4:15-CR-00324-HEA-1 to May 3, 20211 as set out by the sentencing Court's Judgment of Commitment." ECF No. 1-2, at 1-5. Also attached is the BOP's response, dated November 5, 2021, which states:

> In response to your request for review of your current sentence computation, contact was made with the Designation & Sentence Computation Center (DSCC), his Anchor sentence is Case 4:11CR186RWS. That sentence was imposed on 01-24-2013 which is his (DCB). Inmate has a total of 3 J&C's running. Total aggregate sentence of 28 yr 11 mo and 12 days. This is considered a concurrent over-lap. No adjustment to his computation is needed at this time.

*Id.* at 6.[1]

## Discussion

I.   Proper Habeas Statute for Requested Relief

Both 28 U.S.C. § 2241 and 28 U.S.C. § 2255 confer jurisdiction over habeas petitions filed by federal inmates challenging their convictions or sentences. "The exact interplay between § 2241 and § 2255 is complicated." *Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012). However, the Eighth Circuit has made clear that where a petitioner brings a "claim related to the manner in which the sentence is being executed, as opposed to the legality of the sentence . . . [s]uch a claim is properly cognizable in a habeas corpus petition under section 2241" instead of under section 2255. *U.S. v. Clinkenbeard*, 542 F.2d 59, 60 (8th Cir. 1976). In other words, where a petitioner "does not directly contest the legality of the sentences imposed by the district court but the manner in which those sentences will be carried out by prison authorities," the Eighth Court has held that such an attack is "on the manner in which a sentence is executed, as distinguished from its legality, [and] may be cognizable in a habeas corpus petition under 28 U.S.C. § 2241." *U.S. v. Knight*, 638 F.2d 46, 47 (8th Cir. 1981).

Here, petitioner filed his instant motion pursuant to 28 U.S.C. § 2255. However, a review of his claims reveals he is challenging the execution of his federal sentence, not its legality.

---

[1] On November 8, 2011, petitioner pled guilty to robbery of a federally insured institution and possession of a firearm in furtherance of a crime of violence. *United States v. Wallace*, No. 4:11-CR-186-RWS (E.D. Mo. Nov. 8, 2011). On January 24, 2013, he was sentenced to 57 months on the robbery charge, and 84 months on the possession of a firearm charge, the sentences to be run consecutively. Movant did not file a direct appeal.

3

Specifically, petitioner asserts the BOP's calculation of his release date is incorrect. According to petitioner, the remainder of his sentence should be approximately 21 years, not 28 years. Consequently, the Court will construe the instant filing as a habeas corpus petition brought pursuant to 28 U.S.C. § 2241, and a request for appointment of counsel.

II.     Subject Matter Jurisdiction

Jurisdiction over a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 lies either in the district of physical confinement or in the district in which a custodian responsible for the confinement is present. *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 964 (8th Cir. 1976). According to the Supreme Court, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

Here, petitioner is not confined within the Eastern District of Missouri, and there does not appear to be a custodian present in this district over whom this Court would have jurisdiction. Petitioner mailed the instant motion from the Butner Low FCI in Butner, North Carolina. *See* ECF No. 1-5. The Court's independent search of petitioner's current incarceration status also reflects his current incarceration at Butner Low FCI. *See* Inmate Locator, FED. BUREAU OF PRISONS, www.bop.gov/inmateloc (last visited Dec. 9, 2021). Butner Low FCI is located in Granville and Durham Counties, which is in the jurisdiction of the United States District Court for the Eastern District of North Carolina. *See* 28 U.S.C. § 113(a).

Finding this Court does not have jurisdiction over the instant petition, construed as a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, the Court will dismiss this action without prejudice. *See e.g.*, *Majeed v. United States*, No. 4:09-CV-847 CAS, 2009 WL 1867669, at *1 (E.D. Mo. June 23, 2009) (construing § 2255 motion as a § 2241 petition and dismissing for subject

4

matter jurisdiction because petitioner was incarcerated in an Arkansas federal facility). If petitioner wishes to proceed on his § 2241 claim, he may file an appropriate action in United States District Court for the Eastern District of North Carolina. If petitioner wishes to proceed on a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, he may file such action in this Court, but it must be submitted on a Court-provided form. See E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

Accordingly,

**IT IS HEREBY ORDERED** that that petitioner's Memorandum of Law in Support of Motion for Appointment of Counsel for 28 U.S.C. § 2255 Habeas Corpus, construed as a habeas corpus petition brought pursuant to 28 U.S.C. § 2241 and request for appointment of counsel, is **DISMISSED** pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. [ECF No. 1]

An Order of Dismissal shall accompany this Opinion, Memorandum and Order.

Dated this 9th Day of December, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

5