**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| WALTER W. WALLACE, JR., | ) |
| Petitioner, | ) |
| v. | ) No. 4:21-CV-1404 HEA |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This closed matter is before the Court upon self-represented petitioner Walter W. Wallace, Jr.'s filing of a 'Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct a Sentence pursuant to Section 2255' and 'Motion for Video or Telephone Hearing.' ECF Nos. 6, 7. For the reasons discussed below, both motions will be denied.

On October 3, 2016, petitioner pled guilty to possessing, brandishing, and discharging a firearm in furtherance of a drug trafficking crime resulting in death in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924 (j)(1). *United States v. Wallace*, No. 4:15-CR-324-HEA (E.D. Mo. Oct. 3, 2016), at ECF No. 124. On January 5, 2017, this Court sentenced petitioner to 300 months in the Federal Bureau of Prisons ("BOP"), followed by a 5 year term of supervised release, to run concurrent to two previous criminal cases. Petitioner did not appeal. He is presently serving his sentence at Butner Low Federal Correctional Institution ("FCI") in Butner, North Carolina with a projected release date of January 27, 2036. *See* Inmate Locator, FED. BUREAU OF PRISONS, www.bop.gov/inmateloc (last visited Mar. 9, 2022).

On November 29, 2021, petitioner initiated this now closed action by filing a 'Memorandum of Law in Support of Motion for Appointment of Counsel for 28 U.S.C. § 2255

Habeas Corpus.' ECF No. 1. Within the filing, petitioner sought appointment of counsel for the purpose of contesting the BOP's calculation of his release date. Petitioner asserted the BOP incorrectly determined the remainder of his sentence was 28 years, when he believed it to be 21 years.

On December 9, 2021, the Court reviewed petitioner's filing. ECF No. 2. Because he was challenging the BOP's execution of his sentence, not the legality of his sentence, the Court construed the filing as a habeas corpus petition brought pursuant to 28 U.S.C. § 2241, and a request for appointment of counsel. *Id.* at 3 ("where a petitioner brings a 'claim related to the manner in which the sentence is being executed, as opposed to the legality of the sentence . . . [s]uch a claim is properly cognizable in a habeas corpus petition under section 2241' instead of under section 2255.") (quoting *U.S. v. Clinkenbeard*, 542 F.2d 59, 60 (8th Cir. 1976)).

The Court then dismissed and closed this action for lack of subject matter jurisdiction because a "§ 2241 lies either in the district of physical confinement or in the district in which a custodian responsible for the confinement is present." *Id.* at 4 (citing *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 964 (8th Cir. 1976)). Petitioner was, and continues to be, confined outside of the Eastern District of Missouri, and his custodian is not present in this District. Butner Low FCI is located in Granville and Durham Counties, which is in the jurisdiction of the United States District Court for the Eastern District of North Carolina. *See* 28 U.S.C. § 113(a). In dismissing the instant action, the Court instructed petitioner of the following:

> If petitioner wishes to proceed on his § 2241 claim, he may file an appropriate action in United States District Court for the Eastern District of North Carolina. If petitioner wishes to proceed on a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, he may file such action in this Court, but it must be submitted on a Court-provided form. See E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

*Id.* at 5.

On March 7, 2022, after this action was closed, petitioner filed the instant 'Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct a Sentence pursuant to Section 2255' and 'Motion for Video or Telephone Hearing.' ECF Nos. 6, 7. Within the Motion to Vacate, petitioner contends he received ineffective assistance of trial counsel.

The Court will deny the instant motions because the Court's December 9, 2021 dismissal was without prejudice to petitioner filing a new § 2255 motion in the future should he decide to do. The instant case, however, has been closed for lack of subject matter jurisdiction after the Court construed the initial filing as a habeas corpus action under § 2241. To the extent petitioner can be understood to seek the reinstatement of this case or a different habeas case, he is advised that he cannot receive such relief by filing the instant motion or any other motions in this case. In other words, *if petitioner wishes to file a motion pursuant to § 2255, he must draft the motion on a Court-provided form and file it as a new case*. The Court will provide him with a copy of the proper form motion.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Memorandum of Law in Support of Motion to Vacate, Set Aside, or Correct a Sentence pursuant to Section 2255 is **DENIED**. [ECF No. 6]

**IT IS FURTHER ORDERED** that petitioner's Motion for Video or Telephone Hearing is **DENIED**. [ECF No. 7]

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to petitioner a form 'Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.'  Petitioner may request additional forms as needed.

Dated this 10th  Day of March, 2022.

_____
UNITED STATES DISTRICT JUDGE